UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTOINE NELSON,

        Petitioner,

v.                                                      Case No. 07-C-1022

PETER HUIBREGTSE,

        Respondent.

**ORDER**

On November 6, 2007, Antoine Nelson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in 1999 in Milwaukee County Circuit Court of first degree intentional homicide with a dangerous weapon and of attempted first degree intentional homicide, each as a party to a crime. The court imposed a life sentence for the homicide, and a thirty-five-year consecutive sentence for the attempted homicide. Nelson is currently incarcerated at Wisconsin Secure Program Facility.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims, timely filed his petition, and exhausted available state remedies.

Following Nelson's conviction, appellate counsel filed a no-merit report pursuant to *Anders v. California*, 386 U.S. 738 (1967). Nelson was provided a copy of the no-merit report and advised of his right to respond. He wrote to the court expressing that he lacked knowledge of the law and therefore did not understand how to respond. Nonetheless, the Wisconsin Court of Appeals affirmed the judgment of conviction and post-conviction order on August 22, 2003, and the Wisconsin Supreme Court denied Nelson's petition for review on November 24, 2003. He then filed a petition for a writ of habeas corpus in state court on February 8, 2005. According to Nelson, the Wisconsin Court of Appeals denied the writ because he had not yet pursued his claims in a lower state court. He then filed a motion for post-conviction relief in Milwaukee County Circuit Court on July 25, 2005. The circuit court held that Nelson could not pursue an ineffective assistance of counsel claim after failing to raise the issue in response to the no-merit report. Nelson appealed the decision, and the Wisconsin Court of Appeals affirmed. The Wisconsin Supreme Court denied review on November 5, 2007.

In his habeas petition, Nelson claims that his constitutional rights were violated when the Wisconsin Court of Appeals held that he could not raise a claim of ineffective assistance of counsel. He claims that because of his ignorance of the law, his failure to raise the issue of ineffective assistance of counsel in response to the no-merit report should not have been regarded as a procedural bar to the issue during his subsequent post-conviction motion. Nelson also claims his rights were violated when appellate counsel rendered ineffective assistance by failing to pursue a claim of ineffective assistance of trial counsel, and when trial counsel rendered ineffective assistance by failing to object to certain jury instructions and parts of the prosecutor's closing argument.

Nelson's petition appears to be untimely. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

It is subsection (A) that appears to render Nelson's petition untimely. The petition reveals that the Wisconsin Supreme Court denied Nelson's petition for review of his direct appeal on November 24, 2003. Therefore, Nelson's opportunity to file a petition for certiorari review with the United States Supreme Court expired on February 22, 2003. The one-year statute of limitations on his federal habeas petition began to run on February 23, 2003, and expired on February 24, 2004. Although Nelson filed a habeas corpus application with the Wisconsin Court of Appeals on February 8, 2005, the filing took place after the statute of limitations for filing a petition for a writ of habeas corpus in federal court had expired. Therefore, it was not pending during the applicable time period and the statute was not tolled.

Before dismissing a habeas application for untimeliness, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). **THEREFORE, IT IS ORDERED** that within 21 days of the date of this order

3

petitioner shall show cause, if any, why his application for federal habeas relief is not time-barred. If petitioner fails to respond within 21 days, his petition will be dismissed with prejudice.

Dated this     4th     day of December, 2007.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge