UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTOINE NELSON,

      Petitioner,

v.                                                                                          Case No. 07-C-1022

PETER HUIBREGTSE,

      Respondent.

## ORDER

On November 6, 2007, Antoine Nelson filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In a habeas screening order, I allowed Nelson to proceed with his claim that trial counsel provided ineffective assistance by failing to object to comments made by the prosecutor in his closing statement. Nelson also claimed that trial counsel provided ineffective assistance by failing to object to a jury instruction which he alleged violated his right to a unanimous jury verdict by permitted the jury to find party to a crime liability based upon theories of direct commission, aiding and abetting, or conspiracy. However, I dismissed this claim, noting the Seventh Circuit's holding in *Lampkins v. Gagnon*, 710 F.2d 374, 377 (7th Cir. 1983), that where "[t]he jury unanimously found participation, [] it was not necessary that it be agreed as to the theory of participation." Nelson has now filed a motion for reconsideration, asserting that the court's conclusion in *Lampkins* is inconsistent with the Supreme Court's subsequent holding in *Schad v. Arizona*, 501 U.S. 624 (U.S. Ariz. 1991).

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Because the conditions that would justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Under *Schad*, whenever a statute lists alternative means of committing a crime, the question of whether a jury must unanimously agree upon a single means of commission depends on whether the statute's definition of a crime comports with the requirements of due process. 501 U.S. at 636-640 (plurality opinion). With respect to evaluating the constitutionality of a statutory definition, the Court held,

> Where a State's particular way of defining a crime has a long history, or is in widespread use, it is unlikely that a defendant will be able to demonstrate that the State has shifted the burden of proof as to what is an inherent element of the offense, or has defined as a single crime multiple offenses that are inherently separate. Conversely, a freakish definition of the elements of a crime that finds no analogue in history or in the criminal law of other jurisdictions will lighten the defendant's burden.

*Id*. at 640.

The *Schad* Court expressly rejected the unanimity analysis set forth in *United States v. Gipson*, 553 F.2d 453 (5th Cir. 1977) as "too conclusory to serve as a real test." *Id*. at 635. Under

*Gipson*, unanimity was required as to the act committed by a defendant where the theories of liability permitted by a statute were "conceptually distinct." 553 F.2d at 458. Nelson contends that because the Seventh Circuit concluded in *Lampkins* that Wisconsin's party to a crime statute did not require unanimity as to a single theory of commission under the *Gipson* standard, the court's holding is inconsistent with *Schad*. However, Nelson too narrowly construes the basis of the *Lampkin* Court's decision.

In *Lampkin*, the Seventh Circuit acknowledged that Wisconsin's party to a crime statute provides alternative theories of commission, yet constitutes a single offense. 710 F.2d at 377 (citing *Holland v. State*, 91 Wis. 2d 134, 144, 280 N.W.2d 288, 298 (Wis. 1979)). The court then compared the alternative means of commission permitted by the Wisconsin statute to the alternative means of commission listed in 18 U.S.C. § 2(a), which provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." *Id*. The court explained that it could find no authority requiring unanimity as to the means of commission under 18 U.S.C. § 2(a).[1] Then, noting the absence of any precedent in support of the petitioner's argument that unanimity was required, the court went on to conclude that the Fifth Circuit's holding in *Gibson* did not support the requirement either.

The *Lampkin* Court's comparison of Wisconsin's party to a crime statute to a similar federal statute is consistent with the analysis set forth in *Schad* that the existence of analogous statutes in different jurisdictions supports a finding that a statutory definition does not offend due process.

---

[1] Indeed, since *Schad* was decided, courts have continued to find unanimity unnecessary as to the means of a violation of 18 U.S.C. § 2(a). *U.S. v. Davis*, 306 F.3d 398, 414 (6th Cir. 2002); *U.S. v. Kim*, 196 F.3d 1079, 1083 (9th Cir. 1999).

The court's conclusion was not dependent upon the validity of *Gibson*'s holding that unanimity was required where theories of liability were "conceptually distinct."

Thus, Nelson has failed to identify any new evidence or controlling law that would allow his claim regarding trial counsel's failure to object to the jury instruction to be revived.

**IT IS THEREFORE ORDERED** that Nelson's motion for reconsideration is **DENIED**.

Dated this   1st   day of February, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge